IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cheryl J. Raines, | ) | Civil Action No. 6:06-2619-TLW-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      Plaintiff Cheryl Raines brought this action pursuant to 42 U.S.C. § 405(g) on September 21, 2006, to obtain judicial review of the final decision of Jo Anne B. Barnhart, who was Commissioner of Social Security at the time. (Doc. # 1).  On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and was substituted as the defendant in this case.  Plaintiff filed her brief on February 23, 2007. (Doc. # 6). Defendant filed his brief on March 3, 2007. (Doc. # 7). This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge William M. Catoe on August 13, 2007, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 83.VII.02 (D.S.C.). (Doc. # 9)  In the Report, the Magistrate Judge concludes that the record does not contain substantial evidence supporting the Commissioner's decision denying the plaintiff disability benefits and recommends the Commissioner's decision "be reversed under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings." Id. On August 30, 2007, the defendant filed objections to the Report.  (Doc. # 11).

      This Court is charged with reviewing the Magistrate's Report and the Petitioner's objections thereto.  In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, <u>de novo</u>, the Report, the objections thereto, and the remainder of the record, and has concluded that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED**; Petitioner's objections are **OVERRULED**; and the Commissioner's decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

S/ Terry L. Wooten<br>
Terry L. Wooten<br>
United States District Judge

November 15, 2007
Florence, South Carolina